# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| EARL T. GARRISON, | § | |
| | § | No. 607, 2015 |
| Defendant Below- | § | |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID 1301008270 |
| | § | |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: February 19, 2016
Decided: April 12, 2016

Before **STRINE**, Chief Justice; **HOLLAND**, and **VALIHURA**, Justices.

## ORDER

This 12th day of April 2016, upon consideration of the appellant's Supreme Court Rule 26(c) brief, his attorney's motion to withdraw, and the State's response, it appears to the Court that:

(1)  The defendant-appellant, Earl Garrison, filed this appeal from the Superior Court's denial of his first motion for postconviction relief. Garrison's appointed postconviction counsel has filed a no-merit brief and a motion to withdraw under Rule 26(c).  Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues.  Garrison filed a response to his attorney's presentation, asking this Court to reduce his sentence.  The State has responded to

Garrison's request, as well as to the position taken by Garrison's counsel, and has moved to affirm the Superior Court's judgment. We find no merit to Garrison's appeal. Accordingly, we affirm.

(2) The record reflects that Garrison was arrested in January 2013 and charged with 32 criminal counts stemming from a home invasion. On October 23, 2013, in exchange for the State's dismissal of the balance of the charges, Garrison pled guilty to Home Invasion, Robbery in the Second Degree, Possession of a Firearm During the Commission of a Felony, and Possession of a Deadly Weapon by a Person Prohibited. After a presentence investigation, the Superior Court sentenced Garrison as a habitual offender to a total period of fifty-three years at Level V incarceration to be suspended after serving twenty-seven years in prison for ten years at decreasing levels of supervision.

(3) Garrison did not file a direct appeal. Instead, in February 2014, he filed a motion for postconviction relief, alleging ineffective assistance of counsel, an unfulfilled plea agreement, and vindictive prosecution based on the trial judge's sentence in excess of the sentencing guidelines. The Superior Court appointed postconviction counsel to represent Garrison and obtained trial counsel's and the State's responses to Garrison's motion. On March 23, 2015, the Superior Court denied Garrison's motion, finding no merit to

2

Garrison's claims of ineffective assistance of counsel or to his claim that the sentencing judge was vindictive because Garrison's sentence exceeded the guidelines. Finally, as to Garrison's claim that his plea agreement was unfulfilled because the Department of Correction ("DOC") was not interpreting his sentence in the way that the parties had agreed, the Superior Court noted that Garrison needed to raise the matter with the DOC authorities in the first instance.

(4) In response to his counsel's Rule 26(c) brief, Garrison filed a letter apologizing and taking responsibility for his crimes and asking the Court to reduce his sentence. Garrison's response does not raise any issue challenging the Superior Court's March 23, 2015 denial of his motion for postconviction relief.

(5) The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold: (a) this Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (b) this Court must conduct its own review of the record and determine

whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[1]

(6) After careful consideration of the record, and in the absence of any claims of error, we conclude that the judgment denying Garrison's motion for postconviction relief should be affirmed on the basis of, and for the reasons set forth in, the Superior Court's well-reasoned decision dated March 23, 2015. Garrison's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Garrison's counsel has made a conscientious effort to examine the record and the law and has properly determined that Garrison could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

_____
Justice

---

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).